[No. 21180. Department One. October 9, 1928.]

EMMA LOUNDRY *(formerly Emma Downing) Respondent,* v. C. H. LILLIE, *as Administrator, Appellant.*[1]

  *Chas. W. Johnson* and *Raleigh P. Swanner,* for appellant.

*E. C. Dailey,* for respondent.

FRENCH, J.—Respondent brought an action to collect unpaid wages, for services rendered William Hartho during his lifetime; the basis of her action, as stated in her complaint, being that she had acted as housekeeper for William Hartho for a number of years im-

[1]Reported in 270 Pac. 1029.

mediately prior to his death at an agreed wage of twenty dollars per month; that certain amounts have been paid to her, and that this action was brought for the recovery of the balance which she claims to be due. The case was tried before the court with a jury, and a verdict rendered for respondent, and this appeal follows.

The first error complained of is that the court should have granted a motion for a directed verdict at the conclusion of all the evidence. A careful examination of the testimony of the various witnesses discloses that the respondent had undoubtedly performed the services for which this action was brought; the sole question involved being whether she was to receive stated wages for the services performed or was the consideration the furnishing of a home and a small amount of spending money. A number of witnesses testified in behalf of respondent as to statements made by William Hartho during his lifetime. Three or four different witnesses testified that William Hartho had, during his lifetime, told them that he was paying respondent twenty dollars per month; that he was advancing her small sums from time to time as she needed them, and that he was keeping the rest of her money for her; and, while it is true that declarations of a deceased person should be received with caution and subjected to careful scrutiny, yet it is also true that such declarations are competent; and where, as in this case, numerous witnesses testified thereto, the admissions have great probative force. *Plath v. Mullins,* 87 Wash. 403, 151 Pac. 811; *Clark v. Turner,* 50 Neb. 290, 69 N. W. 843, 38 L. R. A. 433, and note. The question thus became one for the jury.

Complaint is also made that the trial court unduly limited the cross-examination of respondent, but the information sought by the two questions to which

objection was sustained concerned wholly immaterial matters. The lower court was clearly correct in its ruling.

No exception was taken to the instructions as given by the court, but complaint is made that certain requested instructions were not given. Without setting out the instructions given or the requested instructions, we deem it sufficient to say that, in so far as the requested instructions state the law, they were fully covered by the instructions given. Purely a question of fact was to be determined by this action. The matter was properly tried before a jury; and the evidence being conflicting, this court is bound by the finding of the jury.

Judgment affirmed.

FULLERTON, C. J., PARKER, TOLMAN, and MITCHELL, JJ., concur.